**Lewis Roca Rothgerber Christie LLP**
201 East Washington Street, Suite 1200
Phoenix, AZ 85004-2595

**Melanie V. Pate** (State Bar No. 017424)
Direct Dial: 602.262.5318
Direct Fax: 602.734.3785
Email: mpate@lrrc.com

*Attorneys for Defendant FirstBank of Arizona, Inc*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Advocates for Individuals With Disabilities Foundation, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> FirstBank of Arizona, Inc, <br><br> Defendant. | Case No. 2:16-cv-02829-PHX-JJT <br><br> **MOTION TO DISMISS** |

Pursuant to Rule 12(b)(1)&(6) of the Federal Rules of Civil Procedure, Defendant FirstBank of Arizona, Inc. ("FirstBank") hereby moves to dismiss the Complaint filed by Plaintiff Advocates for Individuals with Disabilities Foundation, Inc. ("AIDF"). AIDF lacks standing to pursue the claims for relief sought in the Complaint. As a result, this Action must be dismissed with prejudice.

Prior to filing this Motion, FirstBank attempted to confer in good faith with AIDF concerning the substantive and jurisdictional defects in its Complaint. [*See* Notice of Certification of Conferral, filed simultaneously herewith.] Plaintiff has undertaken no action to correct those defects, and FirstBank is therefore left with no option but to file the instant motion.

**I.    FACTUAL AND PROCEDURAL HISTORY**

In this Action, AIDF seeks declaratory and injunctive relief, along with monetary damages and attorneys' fees against FirstBank, for alleged violations of the 2010 ADA Standards of Accessibility Design in connection with the signage for its

handicap and van accessible parking spaces. [First Amended Verified Complaint, Doc. No. 1-1 at pgs. 5 & 8-10.]

AIDF alleges that it "is a charitable non-profit foundation. . . known to have past, present and future relationships or associations with individuals with disabilities." [Doc. No. 1-1 at pg. 2.] These relationships arise "from Plaintiff's charitable acts of giving to the disabled community, which are interests that are germane to the association's purpose." [*Id.*] Furthermore, according to AIDF, its "close relationship to the third party disabled individuals is such that a third party disabled individuals [sic] cannot be reasonably expected to frame the issues and present them with the necessary adversarial zeal to the Court." [*Id.*]

AIDF makes no allegation that AIDF itself has experienced any actual injury in connection with FirstBank's parking lot. In addition, AIDF makes no allegation that there is any member of AIDF that has experienced any actual injury in connection with FirstBank's parking lot.

## II.      DISCUSSION

The requirement that a plaintiff establish standing to pursue its claims is, at its core, "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The "irreducible constitutional minimum of standing contains three elements": 1) an injury in fact that is concrete and particularized, and actual or imminent (rather than conjectural or hypothetical); 2) a causal connection between the injury and the defendant's alleged conduct; and 3) the injury must be one that would be redressed by a favorable decision. *Id.* at 560-61. These requirements "are not mere pleading requirements but rather an indispensable part of the plaintiff's case." *Id.* at 561.

When a plaintiff such as an association seeks to challenge an act or omission of which it is not the direct object, it is "substantially more difficult" for the association to establish standing than when a plaintiff asserts his own injury. *Lujan*, 504 U.S. at 562. "To obtain associational standing, the entity must show that (1) at least one of its

2

members would have standing to sue in his own right, (2) the interests the suit seeks to vindicate are germane to the organization's purpose, and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Fleck and Associates, Inc. v. City of Phoenix*, 471 F.3d 1100, 1105-06 (9th Cir. 2006).

AIDF fails to establish the first requirement for associational standing – that it has a member that would have standing to sue in his or her own right. In fact, even assuming the truth of the Complaint's allegations, AIDF does not have any members other than David Ritzenthaler. As the Ninth Circuit has recognized, "Associational standing is reserved for organizations that express the collective views and protect *the collective interests of their members*." *Fleck and Associates*, 471 F.3d at 1106 (quotation omitted and emphasis supplied); *see also Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. v. Brock*, 477 U.S. 274, 290, 106 S. Ct. 2523, 2533, 91 L. Ed. 2d 228 (1986) ("The only practical judicial policy when people pool their capital, their interests, or their activities under a name and form that will identify collective interests, often is to permit the association or corporation in a single case to vindicate the interests of all.") (quotation and citation omitted).

AIDF alleges that it is "known to have past, present, and future relationships or associations with individuals with disabilities," which "[arise] from Plaintiff's charitable acts of giving to the disabled community, which are interests that are germane to the association's purpose." [First Amended Verified Complaint ¶ 4.] In other words, AIDF bases its standing upon the unnamed and apparently attenuated beneficiaries of unspecified giving. That is not a "membership" sufficient to establish associational standing.

To demonstrate a membership for which it may assert associational standing, at minimum AIDF must establish members or constituents that are sufficiently identified with it and that exercise sufficient influence such that AIDF would have a personal stake in the outcome of the controversy. *Oregon Advocacy Ctr. v. Mink*, 322 F.3d

3

1101, 1111 (9th Cir. 2003). AIDF has not alleged or established that membership. AIDF has not alleged a governing board or advisory council comprised of its purported constituents or members. *See Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 344, 97 S. Ct. 2434, 2442, 53 L. Ed. 2d 383 (1977) (commission composed of representative members of organization); *Mink*, 322 F.3d at 1111 (association had governing board and advisory council comprised of constituents). Nor has AIDF alleged any sort of grievance procedure, voting process, or other means by which its purported constituents or members may influence AIDF's priorities or activities. *See Hunt*, 432 U.S. at 344 (membership elected commission); *Mink*, 322 F.3d at 1111-12 (constituents had grievance procedure to assure association was operating in compliance with statutory purpose, and influenced organization through board of directors and advisory council). In other words, AIDF does not in any "real sense…[provide] the means by which [constituents or members] express their collective views and protect their interests." *Hunt*, 432 U.S. at 345; *accord Mink*, 322 F.3d at 1112.

To the extent AIDF relies upon its alleged "President, Director and Chairman," David Ritzenthaler, to meet this requirement, that attempt fails. In essence, at best Mr. Ritzenthaler represents a membership of one, which falls far short of the very definition and purpose of associational standing, which demands representation of a collective group of multiple members. *Brock*, 477 U.S. at 290; *Hunt*, 432 U.S. at 345; *Fleck and Associates*, 471 F.3d at 1106; *Mink*, 322 F.3d at 1112.

Nor does Ritzenthaler – or anyone for that matter – have standing to sue in his own right, as is required to confer standing on AIDF. *See Fleck and Associates*, 471 F.3d at 1105. For a member to have standing to sue in his or her own right, as noted above, he or she must have an actual, concrete and particularized injury that was caused by FirstBank's acts or omissions, and which would be redressed by the relief requested. *Lujan*, 504 U.S. at 560. The Complaint makes no reference to any member – or any person for that matter – who has a need for handicap or van accessible parking

4

in connection with his disability, who has encountered or attempted to access FirstBank's parking lot, and whose access to FirstBank or its parking lot has been deterred or otherwise interfered with.  *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 (9th Cir. 2011) (providing standing requirements for ADA public accommodation claims).  Rather, AIDF merely alleges that it "conducted an investigation" of FirstBank's parking lot "for purposes of ascertaining whether it complies with the ADA and AzDA."  [First Amended Verified Complaint ¶ 21.]  This allegation does not demonstrate that any person has an actual, concrete and particularized injury that was caused by FirstBank's acts or omissions.  AIDF therefore fails to satisfy the first element of associational standing, and its claims must be dismissed as a matter of law.

For the foregoing reasons, AIDF's claims should be dismissed with prejudice.

DATED this 30th day of August, 2016.

LEWIS ROCA ROTHGERBER CHRISTIE LLP


By: /s/*Melanie V. Pate*
      Melanie V. Pate
*Attorneys for Defendant FirstBank of Arizona, Inc.*

5

**CERTIFICATE OF SERVICE**

I certify that on this 30th day of August, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
Strojnik P.C.
1 East Washington Street, Suite 500
Phoenix, AZ  85004

Fabian Zazueta
Advocates for Individuals with Disabilities
40 North Central Avenue, Suite 1400
Phoenix, AZ  85004

*Attorneys for Plaintiff*

/s/ Susan J. Durkee
Employee of Lewis Roca Rothgerber Christie LLP